UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

      Plaintiffs,

  v.

LESLIE DANA LEDER; JOHN WILLIAM LEDER; and DOES 1-5, inclusive,

      Defendants.

NO. 2:11-cv-0374 FCD GGH

ORDER

----oo0oo----

    The court has reviewed defendants Leslie Dana Leder and John William Leder's notice of removal to the United States District Court for the Eastern District of California under 28 U.S.C. §§ 1441(b) based on federal question and diversity jurisdiction. The court finds that plaintiff Federal National Mortgage Association's underlying complaint, alleging a single cause of action for unlawful detainer with a demand of less than $10,000, presents neither a federal question nor alleges a sufficient amount in controversy, and is therefore improperly before this court.

1    "The presence or absence of federal question jurisdiction is
2 governed by the 'well-pleaded complaint rule,' which provides
3 that federal jurisdiction exists only when a federal question is
4 presented on the face of the plaintiff's properly pleaded
5 complaint." <u>Sacramento Metropolitan Air Quality Management Dist.</u>
6 <u>v. United States</u>, 215 F.3d 1005, 1014 (9th Cir. 2000).  Federal
7 jurisdiction may also lie if "it appears that some substantial
8 disputed question of federal law is a necessary element of one of
9 the well-pleaded state claims."  <u>Rains v. Criterion Sys., Inc.</u>,
10 80 F.3d 339, 345 (9th Cir. 1996) (quoting <u>Franchise Tax Bd. of</u>
11 <u>California v. Construction Laborers Vacation Trust for Southern</u>
12 <u>California</u>, 463 U.S. 1, 13 (1983).  However, "[w]hen a claim can
13 be supported by alternative and independent theories – one of
14 which is a state law theory and one of which is a federal law
15 theory – federal question jurisdiction does not attach because
16 federal law is not a necessary element of the claim."  <u>Id.</u>
17 (holding that the plaintiff's wrongful discharge claim did not
18 give rise to federal question jurisdiction because it could be
19 supported by violations of the state law constitution, not only
20 violations of a federal statute); <u>Lippit v. Raymond James Fin.</u>
21 <u>Servs., Inc.</u>, 340 F.3d 1033, 1043 (9th Cir. 2003) (holding that
22 California unfair competition law claims did not give rise to
23 federal question jurisdiction because such claims are based on
24 unfair or fraudulent conduct generally, and not necessarily
25 violations of federal rules and regulations).
26    A defendant's assertion of a defense or counterclaim arising
27 under federal law is an insufficient basis for removal.
28 <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1,

2

10-11 (1983).  Rather, the *plaintiff's* complaint must establish that the case "arises under" federal law.  Id. at 10.

Further, to be removable on diversity grounds, it must be ascertainable that, at the time of removal, the amount in controversy exceeds $75,000.  See Guglielmino v. McKee Foods Corp., 506 F.3d 696, 609 (9th Cir. 2007).  If a state court complaint claims less than $75,000 in damages, a defendant must prove to a "legal certainty" that the plaintiff's claim meets the minimum amount in controversy.  Id.

In this case, plaintiff's complaint sets forth one claim for unlawful detainer under state law.  The complaint also expressly provides that the "demand for complaint is less than $10,000." Nothing in plaintiff's complaint demonstrates that the claim for unlawful detainer requires a determination of federal law.  That defendants have filed counterclaims arising under federal law is an insufficient basis for removal. Similarly, that defendants' counterclaims relate to ownership of the property, the value of which exceeds the minimum amount in controversy, is insufficient to support removal of plaintiff's claim, where damages have been limited to less than $10,000.  As such, defendants' removal is improper.

Accordingly, the court REMANDS this action back to the Superior Court of California, County of Sacramento.

IT IS SO ORDERED.

DATED: February 11, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

3